# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| JULIA RUSSO, Individually And on Behalf of Others Similarly Situated, ) ) ) ) Plaintiff, ) ) v. ) ) MOORE INGRAM JOHNSON & ) STEELE, LLP, ) ) Defendant. ) ) | **JURY DEMANDED**<br><br>No. _____<br><br>**PROPOSED COLLECTIVE ACTION UNDER FAIR LABOR STANDARDS ACT**<br><br>**AND PROPOSED CLASS ACTION UNDER TENNESSEE COMMON LAW** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Comes Plaintiff Julia Russo, by and through counsel, individually and on behalf of all persons similarly situated, and, for her Complaint against Defendant Moore Ingram Johnson & Steele, LLP, both seeking all available remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, including proceeding as a collective action, and as a class action under Tennessee common law and Fed. R. Civ. Pro 23, states as follows:

### Summary of the Action

1. Defendant willfully failed to pay Plaintiff (and others similarly-situated, including legal assistants, paralegals and other non-attorney support staff at Defendant's business, which is a law firm) overtime compensation for overtime work it required (or, at the very least, permitted) Plaintiff and others similarly-situated to work. Plaintiff asserts her FLSA claims as a collective action under FLSA Section 16(b), 29 U.S.C. § 216(b), and as a class action under Tennessee common law pursuant to Fed. R. Civ. Pro. 23. The allegations in this Complaint are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to acts of others.

## Jurisdiction and Venue

2. This Court has jurisdiction under 28 U.S.C. § 1331 as Plaintiff's claims arise under federal law, including 29 U.S.C. § 216(b).

3. This Court has and should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' claims under Tennessee common law because they are so related to Plaintiffs' claims under the FLSA that they form part of the same case or controversy and arise from the same set of operative facts as Plaintiffs' claims under the FLSA.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) as (A) Defendant operates a law firm that practices law in courts located in the District of this Court, (B) Defendant maintains an office in Brentwood, Williamson County, Tennessee, within the District of this Court, and (C) Plaintiff worked for Defendant in Brentwood, Williamson County, Tennessee, within the District of this Court.

## Parties

5. Plaintiff is an individual former employee of Defendant; throughout her employment Plaintiff resided and worked for Defendant in the State of Tennessee.

6. Defendant is a for-profit Georgia Limited Liability Partnership; upon information and belief, Defendant may be served by service on the registered agent it registered for service of process with the Tennessee Secretary of State: W. Troy Hart, 408 N. Cedar Bluff Rd., Ste. 500, Knoxville, TN 37923-3655.

7. At all times material to this action, Defendant has been engaged in commerce or in the production of goods for commerce as defined by the FLSA.

8. Defendant's employees are engaged in interstate commerce and handle or work on goods that have been moved in and/or produced in commerce.

9. Defendant's annual gross volume of sales made or business done exceeds $500,000.

10. The unlawful acts alleged in this Complaint were committed by Defendant and/or its officers, agents, employees, or representatives, while actively engaged in the management of Defendant's businesses or affairs and with the authorization of Defendant.

11. Plaintiff was an employee of Defendant and she and her work were covered by the FLSA.

12. During all times relevant, Defendant was an employer and/or enterprise covered by the FLSA.

13. Defendant employs individuals in Tennessee, as well as in Georgia, Florida, Kentucky, Pennsylvania, and potentially other states.

**Collective Definitions**

14. Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of herself and the following proposed collective group:

> All current and former non-attorney support staff employees of Defendant (including paralegals, legal assistants, administrative assistants, and clerks) employed in the United States who worked in excess of 40 hours in one or more workweeks during the applicable limitations period and were not fully paid all overtime compensation owed (the "FLSA Collective")

15. Plaintiff reserves the right to redefine the proposed collective group prior to notice and/or "de-certification" of the collective group, as may be warranted, appropriate and/or necessary.

**Facts**

16. Defendant operates what it characterizes as "a full service law firm" with "over 60 attorneys and a dedicated staff of support personnel."

17. A true and accurate copy of the "About Us" section of Defendant's webpage, as it existed on September 17, 2020 (and upon information and belief, a substantial period of time prior thereto) is attached hereto as Exhibit 1.

18. Defendant employed Plaintiff as a Legal Assistant.

19. Plaintiff worked full-time as a Legal Assistant for Defendant from August, 2018 until April 2020, at which time she began taking unpaid leave.

20. Throughout her employment, Plaintiff worked at the Brentwood, Tennessee office; however, as part of her work she communicated with other employees of Plaintiff in other offices.

21. Defendant's "product" – legal representation – affects interstate commerce.

22. Specifically, Defendant represents companies from numerous states in legal proceedings in at least five states (Tennessee, Georgia, Kentucky, Florida and Pennsylvania).

23. Defendant's legal representation from the Brentwood, Tennessee office affects interstate commerce; Defendant represents companies from multiple states in Tennessee legal proceedings.

24. Plaintiff's work as a Legal Assistant affected interstate commerce, including work on Defendant's legal representation of clients as described above.

25. Defendant paid Plaintiff a salary for her work as a Legal Assistant at Defendant's law firm.

26. In discussing Plaintiff's rate of pay with Plaintiff at the time of her hire as a Legal Assistant and at the time of her pay increase, Defendant expressed Plaintiff's rate of pay to Plaintiff as an annual amount (for instance, $32,000 per year), and did not express Plaintiff's rate of pay as an hourly rate; upon information and belief, however, Plaintiff's paystubs reflected the number of hours Plaintiff was scheduled to work (Plaintiff's scheduling is discussed in more detail below).

27. Except when Plaintiff's rate of pay increased (which it did on multiple occasions, as Plaintiff demonstrated through her excellent work that she deserved merit pay increases), Defendant paid Plaintiff the same amount every week, unless Plaintiff had a day for which she did not use paid time off.

28. However, if Plaintiff had a workweek in which she did not work five days, and did not use paid time off, Plaintiff would not be paid the same amount she was ordinarily paid, but a lower amount based on the number of days worked (for instance, on one occasion Plaintiff had a delayed flight and missed a day of work, and was not paid for a workday; upon information and belief, on that occasion she was paid four-fifths of her usual weekly pay because she worked four of the five days).

29. Plaintiff's work for Defendant was non-exempt under the Fair Labor Standards Act.

30. Defendant itself classified Plaintiff as a non-exempt employee under the Fair Labor Standards Act.

31. Indeed, Defendant itself classified all of its Legal Assistant employees as non-exempt employees under the Fair Labor Standards Act.

32. Defendant also classified all other non-attorney support staff as non-exempt employees under the Fair Labor Standards Act.

33. Despite classifying Plaintiff as non-exempt, Defendant did not require Plaintiff to "clock in" or "clock out", and Defendant did not otherwise record Plaintiff's actual time periods worked, in violation of 29 U.S.C. § 211(c) and 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

34. Instead, Defendant assigned Plaintiff to work particular hours, specifically from 8:30 am until 5:00 pm with a one-hour lunch break, Monday through Friday, totaling thirt-seven and one-half hours per week.

35. However, Defendant required, or, at the very least, permitted, Plaintiff to work more than scheduled, including work prior to 8:30 am, work during the lunch break, and work after 5:00 pm.

36. Indeed, Defendant required, or, at the very least, permitted, Plaintiff to perform work beyond her scheduled work times, including work prior to 8:30 am, work during the lunch break, and work after 5:00 pm. to such an extent that Plaintiff regularly worked more than forty hours per workweek.

37. Defendant was aware of Plaintiff's overtime work.

38. Indeed, the fact that Plaintiff was performing work prior to 8:30 am, work during the lunch break, and work after 5:00 pm was apparent from documents in Defendant's control.

39. For instance, Defendant maintained an email account for Plaintiff, and the email account automatically logged when Plaintiff sent emails, including emails sent prior to 8:30 am, during the lunch break, and after 5:00 pm.

40. In addition to being sent during those times, the vast majority of Plaintiff's emails sent during those times were sent to other employees of Defendant, including attorney employees of Defendant, and Defendant's email accounts for those employees would also show that Defendant sent those emails during those times; the attorney-employees-of-Defendant recipients of those emails would be able to see, and did see, from the email itself, that Plaintiff had sent it during those time periods.

41. Further, Defendant utilized a "key card" system under which employees swiped a key card to gain admittance to the otherwise-often-locked (prior to business hours) office building.

42. Upon information and belief, Defendant's key card system automatically recorded the time each employee used the key card, and recorded that Plaintiff regularly arrived at Defendant's office well before 8:30 am.; further, upon information and belief, Defendant at all times relevant had access to review the data relating to the time key cards were used.

43. In addition to having documents, Defendant was also aware of Plaintiff's overtime work through the personal observations of its employees other than Plaintiff.

44. For example, the attorney employees of Defendant for whom Plaintiff was assigned to perform work, and particularly attorney Chris Rowe, would often arrive at the office prior to 8:30 a.m., but after Plaintiff was already at the office, and at the time of their arrival would see that Plaintiff was already working and greet Plaintiff.

45. Further, attorney employees of Defendant, including Mr. Rowe and Ashley McGee, would occasionally provide work to Plaintiff at the end of the day and ask that Plaintiff please complete the work that day, knowing that doing so would require Plaintiff to stay working past 5:00 p.m., which Plaintiff did.

46. On some of these occasions when such attorneys had given Plaintiff an assignment, and on other occasions when Plaintiff was working late to complete work, attorney employees of Defendant would also stay working past 5:00 p.m., and would observe Plaintiff working past 5:00 pm.

47. Nevertheless, although Plaintiff performed overtime work as described above, and although Plaintiff was a non-exempt employee under the Fair Labor Standards Act, Defendant

never paid Plaintiff any compensation whatsoever for her work in excess of 40 hours per workweek.

48. Defendant also similarly paid salaries to other non-exempt Legal Assistants and other support staff and similarly failed to pay overtime compensation (or, indeed, any compensation for the work in excess of 40 hours in the workweek) to those employees, who similarly performed overtime work.

49. Other Legal Assistant employees and other support (i.e., non-attorney) employees of Defendant (i.e., members of the FLSA Collective) were similarly-situated to Plaintiff in that (A) they were non-exempt employees entitled under the Fair Labor Standards Act to overtime compensation for overtime work, and were classified as such by Defendant, (B) they were paid a salary, (C) they worked more than 40 hours in one or more workweeks, (D) Defendant was aware of the overtime work, and (E) Defendant did not pay them overtime compensation for the overtime work.

50. Defendant's non-payment of overtime to Plaintiff and members of the Collective was pursuant to a common scheme in violation of the FLSA of scheduling such employees to work certain hours per week, not recording the actual times worked by employees, and then paying as if the employees had worked exactly as scheduled, despite Defendant knowing that employees regularly worked more than scheduled and more than 40 hours per week.

51. Defendant's actions in violation of the FLSA were made willfully in an effort to avoid liability under the FLSA.

52. Significantly, Defendant is a law firm, and its management and ownership consist of experienced attorneys; while ignorance of the FLSA would not constitute a defense for any

employer subject to the FLSA, as experienced attorneys, Defendant's management and owners can hardly claim ignorance of the law.

53. Indeed, in connection with advising clients, Defendant specifically advises clients to comply with the FLSA by keeping track of all time worked by non-exempt employees.

54. For example, attached hereto as Exhibit 2 is a publication of Defendant, entitled "Employment Liability Exposure: How CPAs Can Spot Problems and Reduce Client Exposure", in which Defendant specifically identified as "Wage & Hour" "Problems" the following: "Poor record keeping of time worked", "All employees salaried – even at low pay" and "No one ever paid overtime regardless of hours worked". The publication recommended mitigation by suggesting that employers "Properly classify employees" and that "Salaried does not equal exempt", "Keep track of all time" and "Permitting the work means you owe for it".

55. Moreover, the willfulness of Defendant's violations are not merely shown by its its counseling of others to follow practices to comply with the FLSA (when it did not itself follow those practices).

56. For example, when Plaintiff was communicating about her request that Defendant provide a reasonable accommodation by permitting her to work remotely during the unprecedented COVID-19 pandemic, Plaintiff pointed out in a July 16, 2020 email to Defendant that she had worked hard and long for Defendant, writing that "I have been an exemplary employee as I've been told time and time again. Arriving to work in advance of the work day by as much as an hour and leaving late some days, as I took my position seriously and was diligent in my duties, above and beyond what was necessary."

57. Defendant, through its Administrative Partner, responded by writing in a July 22, 2020 email as follows:

> I … want to address your statement that you arrive "to work in advance of the workday by as much as an hour" and leave late some days. To the extent you are working overtime without prior approval by myself, the Administrative Partner, that is prohibited. Please do not continue such behavior; if you do, you may be subject to disciplinary action up to, and including, termination.

58. A true and accurate copy of the email exchange in which these communications occurred is attached hereto as Exhibit 3.[1]

59. Defendant's assertion that "working overtime without prior approval by myself, the Administrative Partner, … is prohibited" was false and disingenuous because, as Defendant knew, (including knowing through the knowledge of its attorney supervisors of the overtime work of Plaintiff and the members of the FLSA Collective), members of the FLSA Collective were regularly performing overtime work without Administrative Partner approval and without overtime compensation.

60. However, Defendant's response in the July 22, 2020 email is significant in that it demonstrates Defendant's awareness of its obligation to pay overtime compensation for Plaintiff's overtime work.

61. Upon information and belief, following Plaintiff's July 16, 2020 assertion that she had regularly arrived at work early, although Defendant had easy access to documents to which it could refer to determine the truth of that assertion (including the sent emails referred to in Paragraphs 39 and 40 above and, upon information and belief, the "key swipe" data described in Paragraph 41 and 42 above), Defendant performed no investigation to determine whether or not

---

[1] To prevent causing unnecessary procedural complications in connection with this Collective and Class Action Complaint, Plaintiff asserts in this action only her claims of nonpayment of overtime compensation under the FLSA and nonpayment of wages under Tennessee common law; she reserves (and does not assert in this action) all of her other claims and rights against Defendant, including those relating to her unlawful termination (including, without limitation, claims of disability discrimination under state and federal law, failure to reasonably accommodate Plaintiff's disability, failure to engage in an interactive process relating to Plaintiff's request for a reasonable accommodation, and retaliation for Plaintiff's assertion of her rights, including under the FLSA, to be paid the wages she earned) to which the emails also relate.

Plaintiff's assertion was correct in order to determine whether it was obligated to pay Plaintiff overtime compensation which it should have, but did not, pay.

62. Defendant did not pay Plaintiff following her July 16, 2020 email any overtime compensation for work performed in any time period.

63. Upon information and belief, although Defendant knew that it was not recording the times members of the FLSA Collective started and ended their work (such as with timeclock software on the computers the FLSA Collective members used), and Plaintiff reported in the July 16, 2020 email that she had been regularly performing overtime work by "[a]rriving to work in advance of the work day by as much as an hour and leaving late some days", Defendant took no action following Plaintiff's July 16, 2020 email to change its policy relating to the tracking of time worked by its non-exempt employees.

64. Upon information and belief, the reason Defendant did not (i) perform any investigation of the truth of Plaintiff's assertion in the July 16, 2020 email that she worked prior to her scheduled shift, (ii) pay Plaintiff any overtime compensation for the overtime work described in that email or (iii) change after receipt of Plaintiff's July 16, 2020 email any policy relating to the tracking of time worked by its non-exempt employees is that Defendant's Administrative Partner (A) knew that members of the FLSA were regularly performing overtime work without Administrative Partner approval and without overtime compensation, (B) believed Plaintiff's assertion that she performed overtime work prior to her scheduled shift was likely true, (C) knew that Defendant was violating the FLSA by not keeping records of employees' time worked and by not paying overtime compensation, and (D) did not intend to comply with the FLSA with respect to Plaintiff and the FLSA Collective Group, believing that doing so would impose costs on Defendant that would reduce its substantial profits.

65. In short, Defendant knew or, absent its own recklessness, should have known, that the Plaintiff and the other members of the FLSA Collective were entitled to overtime compensation.

66. By failing to pay all the overtime compensation owed to Plaintiff and other members of the FLSA Collective, Defendant has acted willfully and with reckless disregard of clearly-applicable FLSA provisions.

67. Defendant has not made good faith efforts to comply with the FLSA.

**Collective Action Allegations**

68. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

69. Plaintiff desires to pursue her FLSA claims on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b); Plaintiff herself has executed a consent to bring this action, a copy of which is attached hereto as Exhibit 4.

70. Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously described common pay practices and, as a result of such practices, were not paid for all hours worked and were not paid the full and legally mandated overtime compensation for hours worked over forty (40) during the workweek.

71. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping and payroll practices.

72. Specifically, Defendant failed to compensate Plaintiff for all hours worked and failed to pay overtime at time and a half (1½) the employee's regular rate as required by the FLSA for all hours worked in excess of forty (40) per workweek.

73. The similarly situated employees are known to Defendant and are readily identifiable and may be located through Defendant's business records.

74. Defendant employs many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of the instant litigation through direct means, such U.S. mail and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime

and other compensation violations, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

### Class Action Allegations Pursuant to Federal Rule of Civil Procedure 23 Relating to Defendants' Violation of Tennessee[2] Common Law

75. Plaintiff brings this action under Tennessee common law on behalf of herself and all similarly-situated current and former employees of Defendant who worked for Defendant and were not fully-paid for work for which Defendant should have paid within the last six years.

76. Stated another way, Plaintiff seeks to bring this action as a class action under Tennessee common law on behalf of the following persons:

> All current and former non-attorney support staff employees of Defendant (including paralegals, legal assistants, administrative assistants, and clerks) employed in the United States and the State of Tennessee who worked in excess of his or her scheduled number of hours in one or more workweeks during the applicable limitations period and were not fully paid all compensation owed relating to that work in excess of his or her scheduled number of hours.

77. Plaintiff is a member of the class she seeks to represent.

78. Defendant failed to pay Plaintiff and the members of the class she seek to represent wages and agreed compensation for work performed, as described herein, in violation of Tennessee law, including Tennessee common law.

79. Under Tennessee common law, and, indeed, under common law dating back to Biblical times, a worker has a common-law right to receive wages earned from the employer.

80. Defendant and its employees (including Plaintiff and those similarly-situated) expressly and through implication agreed and reached mutual assent that employees would work certain scheduled hours, be provided certain unpaid lunch breaks, and have a scheduled work

---

[2] Defendant employs similarly-situated persons in states other than Tennessee. To the extent such persons join this action pursuant to 29 U.S.C. § 216(b), Plaintiff may seek to amend this Complaint to add such persons as named plaintiffs and proposed class action representatives to bring claims under the state laws of the state(s) in which such employees performed work.

ending time, but that, regardless of the schedule, the employees would be paid for all hours worked and that such employees would therefore be compensated for the scheduled work based on the number of hours scheduled plus additional hourly compensation on an hourly basis for work Defendant required or suffered the employees to perform prior to the scheduled start time, during the scheduled lunch break, and/or after the scheduled end time.

81. Defendant, however, after requiring or permitting its employees to perform more work than it purported to schedule, failed to pay Plaintiff and the similarly-situated employees on an hourly basis for the hours of work performed beyond that purportedly scheduled.

82. Accordingly, Defendant's refusal to pay Plaintiff and the similarly-situated employees for all of the hours that Plaintiff and the similarly-situated employees actually worked violated Tennessee law and entitles Plaintiff and the similarly-situated employees to damages under Tennessee common law.

83. Upon information and belief, the Rule 23 class is sufficiently numerous that joinder of all members is impractical, satisfying Federal Rule of Civil Procedure 23(a)(1).

84. All members of the Rule 23 Class share the same pivotal questions of law and fact, thereby satisfying Federal Rule of Civil Procedure 23(a)(2). Namely, all members of the Rule 23 class share the question of whether Defendant paid them for all time worked.

85. The claims of Plaintiff are typical of the claims of the Rule 23 Class, thus satisfying Federal Rule of Civil Procedure 23(a)(3). Defendants' failure to pay Plaintiffs for all hours worked was not the result of any circumstances specific to the Plaintiff. Rather, it arose from Defendants' common pay policies, which Defendants applied generally to their employees.

86. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

87. Further, Plaintiff has retained competent counsel experienced in representing classes of employees related to such employees' employer's failure to pay them properly under the law, thus satisfying Federal Rule of Civil Procedure 23(a)(4).

88. By failing to pay Plaintiff and similarly-situated employees for all hours worked, and failing to pay employees the full amount of overtime compensation earned, Defendant has created the circumstance under which questions of law and fact common to the Rule 23 Class Members predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for fair and efficient adjudication of this matter. Accordingly, Plaintiff should be permitted to pursue the claims herein as a class action, pursuant to Federal Rule of Civil Procedure 23(b)(3).

## COUNT I

### Violation of the FLSA: Failure to Properly Pay Overtime Compensation
### (On Behalf of Plaintiff Russo and the FLSA Collective)

89. All previous paragraphs are incorporated as though fully set forth herein.

90. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate. *See* 29 U.S.C. § 207(a)(1).

91. Defendant is subject to the wage requirements of the FLSA because Defendant is an employer under 29 U.S.C. § 203(d).

92. At all relevant times, Defendant was an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

93. During all relevant times, Plaintiff and the members of the FLSA Collective were covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

94. During all relevant times, Plaintiff and the Collective Members were not exempt

from the requirements of the FLSA.

95. Plaintiff and the Collective Members each worked more than forty (40) hours in one or more workweeks without overtime compensation and are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

96. Defendant's compensation scheme applicable to Plaintiff and the members of the FLSA Collective failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

97. Defendant knowingly failed to properly compensate Plaintiff and the Collective Members for all hours worked when they worked in excess of forty (40) hours per week, including by failing to pay proper overtime premiums at a rate of one and one-half (1 ½) times their regular hourly wage, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

98. Defendant also failed to create, keep, and preserve records with respect to work performed by the Plaintiff and the Collective Members sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

99. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

100. Pursuant to 29 U.S.C. § 216(b), employers, such as Defendant, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

## COUNT II

**Breach of Contract: Failure to Pay For All Work Performed**
**(On Behalf of Plaintiff Russo and Rule 23 Class)**

101. All previous paragraphs are incorporated as though fully set forth herein.

102. Defendant's failure to pay Plaintiff and the members of proposed Rule 23 Class constituted violation of an express and/or implied-in-fact contract between employer and employee that employees would be paid for all work performed.

103. Plaintiff and the members of proposed Rule 23 Class should be granted a judgment against Defendant for damages for Defendant's breach of contract, including the wages owed by Defendant for its failure to pay for all work performed and not covered under the FLSA (such as unpaid wages for hours worked and not compensated in weeks in which less than forty hours of work were performed, or for hours between the scheduled number of hours and forty hours per week when the Defendant only paid for the scheduled number of hours despite the employee working additional hours), plus pre-judgment interest thereon.

## COUNT II

**Breach of Contract: Failure to Pay For All Work Performed**
**(On Behalf of Plaintiff Russo and Rule 23 Class)**

104. All previous paragraphs are incorporated as though fully set forth herein.

105. Defendant's acceptance of the benefit of the work of Plaintiff and the members of the proposed Ruled 23 class, while Defendant failed to pay Plaintiff and the members of proposed Rule 23 Class for all work performed, constitutes unjust enrichment; it would be unjust to not require Defendant to compensate Plaintiff and the other members of the proposed Rule 23 class for their work.

106. Plaintiff and the members of proposed Rule 23 Class should be granted a judgment against Defendant for damages for Defendant's unjust enrichment, including the wages owed by

Defendant for its failure to pay for all work performed and not covered under the FLSA (such as unpaid wages for hours worked and not compensated in weeks in which less than forty hours of work were performed, or for hours between the scheduled number of hours and forty hours per week when the Defendant only paid for the scheduled number of hours despite the employee working additional hours), plus pre-judgment interest thereon.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief on behalf of herself and all others similarly situated:

a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

c. Back pay and compensatory damages (including unpaid overtime compensation) and prejudgment interest to the fullest extent permitted under the law;

d. Liquidated damages to the fullest extent permitted under the law;

e. Litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law; and

f. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Respectfully submitted,

/s/ Mark N. Foster
Mark N. Foster, BPR # 023626

Law Office of Mark N. Foster, PLLC
P.O. Box 869
Madisonville, KY 42431
(270) 213-1303
Mfoster@MarkNFoster.com