IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JULIA RUSSO, individually, and on behalf of others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>MOORE INGRAM JOHNSON & STEELE, LLP,<br><br>  Defendant. | Case No. 3:20-CV-00820<br>Jury Demanded<br>Proposed FLSA Collective Action |

**ANSWER OF DEFENDANT MOORE INGRAM JOHNSON & STEELE, LLP TO PLAINTIFF'S PROPOSED COLLECTIVE AND CLASS ACTION COMPLAINT**

For its answer to Plaintiff Julia Russo's proposed collective and class action Complaint, on behalf of itself and other allegedly similarly situated, Defendant Moore Ingram Johnson & Steele, LLP states as follows:

**Summary of the Action**

1. Defendant admits that Plaintiff purports to assert claims against Defendant, on behalf of herself and other alleged similarly situated employees, including legal assistants, paralegals, and other non-attorney support staff, as a collective action under the FLSA, 29 U.S.C. § 2016(b), and as a class action under Tennessee common law pursuant to Fed. R. Civ. P. 23. To the extent paragraph 1 of Plaintiff's Complaint makes allegations against Defendant, Defendant denies same.

**Jurisdiction and Venue**

2. In response to paragraph 2 of the Complaint, Defendant does not dispute that this Court has jurisdiction over this lawsuit.

3. In response to paragraph 3 of the Complaint, Defendant does not dispute that this Court has supplemental jurisdiction over Plaintiff's purported Tennessee common law claims.

4.     In response to paragraph 4 of the Complaint, Defendant does not dispute that venue is proper in this District. Defendant admits that it is a law firm that practices law in courts located in this District, Defendant maintains an office in Brentwood, Williamson County, Tennessee, and that Plaintiff worked for Defendant in Brentwood, Williamson County, Tennessee, within the District of this Court.

**Parties**

5.     Defendant admits the allegations in paragraph 5 of the Complaint.

6.     Defendant admits the allegations in paragraph 6 of the Complaint.

7.     Defendant admits the allegations in paragraph 7 of the Complaint.

8.     Defendant admits the allegations in paragraph 8 of the Complaint.

9.     Defendant admits the allegation in paragraph 9 of the Complaint.

10.    Defendant denies the allegations in paragraph 10 of the Complaint.

11.    Defendant admits the allegations in paragraph 11 of the Complaint.

12.    Defendant admits the allegations in paragraph 12 of the Complaint.

13.    Defendant admits the allegations in paragraph 13 of the Complaint.

**Collective Definitions**

14.    In response to paragraph 14 of the Complaint, Defendant admits that Plaintiff purports to bring this case as a collective action, on behalf of herself and a proposed collective group, pursuant to the FLSA, 29 U.S.C. § 216(b). To the extent paragraph 14 makes allegations against Defendant, Defendant denies same.

15.    In response to the allegations in paragraph 15 of the Complaint, Defendant admits that Plaintiff purports to reserve rights as stated therein and denies that she has any such rights to reserve or that certification of any class or collective would be appropriate.

**Facts**

16. Defendant admits the allegations in paragraph 16 of the Complaint.

17. Defendant admits the allegations in paragraph 17 of the Complaint.

18. Defendant admits the allegation in paragraph 18 of the Complaint.

19. Defendant admits the allegations in paragraph 19 of the Complaint.

20. Defendant admits the allegations in paragraph 20 of the Complaint.

21. Defendant admits the allegation in paragraph 21 of the Complaint.

22. Defendant admits the allegation in paragraph 22 of the Complaint.

23. Defendant admits the allegations in paragraph 23 of the Complaint.

24. Defendant admits the allegations in paragraph 24 of the Complaint.

25. Defendant admits the allegation in paragraph 25 of the Complaint.

26. In response to paragraph 26 of the Complaint, Defendant states that it discussed its rate of pay to Plaintiff as an annual amount per year. Defendant further states that, as a non-exempt employee, Plaintiff's paystubs reflected the total number of hours worked by Plaintiff for Defendant during each respective pay period. Defendant denies any remaining allegations in paragraph 26 of the Complaint.

27. In response to paragraph 27 of the Complaint, Defendant admits that Plaintiff received pay increases during her employment with Defendant. Defendant also admits that Plaintiff's weekly pay was calculated based on the total number of hours worked by Plaintiff during each respective week. Defendant denies any remaining allegations against it in paragraph 27 of the Complaint.

28. In response to paragraph 28, Defendant admits that Plaintiff was paid for all hours worked during each respective workweek unless Plaintiff used any available paid time off.

Defendant admits that Plaintiff missed a day of work due to an alleged missed flight. Defendant denies any remaining allegations against it in paragraph 28 of the Complaint.

29. Defendant admits the allegation in paragraph 29 of the Complaint.

30. Defendant admits the allegation in paragraph 30 of the Complaint.

31. In response to paragraph 31 of the Complaint, Defendant states that it classifies its employees as exempt or non-exempt on a case-by-case basis. Defendant admits that it classifies most, if not all, of its legal assistant employees as non-exempt employees under the FLSA.

32. In response to paragraph 32 of the Complaint, Defendant states that it classifies its employees, including non-attorney support staff, as exempt or non-exempt under the FLSA on a case-by-case basis. Defendant admits that it classifies most, if not all, of its non-attorney support staff as non-exempt employees under the FLSA.

33. Defendant admits that it classified Plaintiff as a non-exempt employee under the FLSA and did not have formal "clock-in/clock out", but denies the remaining allegations in paragraph 33 of the Complaint.

34. In response to paragraph 34 of the Complaint, Defendant admits that Plaintiff's regularly scheduled work hours were from 8:30 am until 5:00 pm, with a one-hour lunch break, Monday through Friday, which totaled 37.5 work hours per week.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant denies the allegation in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. In response to paragraph 39 of the Complaint, Defendant admits that it maintained an email account for Plaintiff during her employment with Defendant and that emails typically

4

Case 3:20-cv-00820   Document 11   Filed 10/26/20   Page 4 of 15 PageID #: 59

contain a date and time stamp showing when emails were sent. Defendant denies any remaining allegations against it in paragraph 39 of the Complaint.

40. In response to paragraph 40 of the Complaint, Defendant admits that emails typically contain a date and time stamp showing when emails from Plaintiff may have been sent and that such date and time stamp is typically visible to an email recipient. Defendant denies any remaining allegations against it in paragraph 40 of the Complaint.

41. In response to paragraph 41 of the Complaint, Defendant admits that its office building in Brentwood, Tennessee utilizes a "key card" system for employees to gain admittance to that office outside of normal business hours. Defendant denies any remaining allegations against it in paragraph 41 of the Complaint.

42. In response to paragraph 42 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the whether the office building's "key card" system automatically records the time each employee uses his/her key card and therefore denies same. Defendant denies any remaining allegations against it in paragraph 42 of the Complaint.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant denies the allegations in paragraph 45 of the Complaint.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. In response to paragraph 48, Defendant admits that it sometimes paid other non-exempt Legal Assistants and support staff on a salary basis. Defendant denies any remaining allegations against it in paragraph 48 of the Complaint.

49. In response to paragraph 49, Defendant admits that it sometimes paid other non-exempt Legal Assistants and support staff on a salary basis. Defendant denies any remaining allegations against it in paragraph 49 of the Complaint.

50. Defendant denies the allegations in paragraph 50 of the Complaint.

51. Defendant denies the allegations in paragraph 51 of the Complaint.

52. In response to paragraph 52 of the Complaint, Defendant admits that it is a law firm and that its management and ownership includes experienced attorneys. Defendant denies any remaining allegations against it, including any inferences associated therewith, in paragraph 52 of the Complaint.

53. In response to paragraph 53 of the Complaint, Defendant admits that it has advised its clients regarding compliance with the FLSA and will not divulge the content of any advice given to clients. Defendant denies any remaining allegations against it, including any inferences associated therewith, in paragraph 53 of the Complaint.

54. Defendant admits the allegations in paragraph 54 of the Complaint and states that Exhibit 2 to Plaintiff's Complaint speaks for itself.

55. Defendant denies the allegations in paragraph 55 of the Complaint.

56. In response to paragraph 56 of the Complaint, Defendant refers to the July 16, 2020 email as a whole for its terms and denies any allegations or inferences inconsistent with the content of the document as a whole.

57. In response to paragraph 57 of the Complaint, Defendant refers to the July 22, 2020 email as a whole for its terms and denies any allegations or inferences inconsistent with the content of the document as a whole.

58. Upon information and belief, Defendant admits that Exhibit 3 to Plaintiff's Complaint appears to be a true and accurate copy of Plaintiff's email exchange with Defendant. Defendant denies any remaining allegations against it, including in any footnote, in paragraph 58 of the Complaint.

59. Defendant denies the allegations, and any inferences associated therewith, in paragraph 59 of the Complaint.

60. Defendant denies the allegations, and any inferences associated therewith, in paragraph 60 of the Complaint.

61. Defendant denies the allegations in paragraph 61 of the Complaint.

62. Defendant admits that it did not pay Plaintiff any overtime compensation following her July 16, 2020 email. Defendant denies any remaining allegations against it, and inferences associated therewith, in paragraph 62 of the Complaint.

63. In response to paragraph 63 of the Complaint, Defendant admits that it has not changed any of its policies. Defendant denies the remaining allegations against it, and any inferences associated therewith, in paragraph 63 of the Complaint.

64. Defendant denies the allegations, and any inferences associated therewith, in paragraph 64 of the Complaint.

65. Defendant denies the allegations in paragraph 65 of the Complaint.

66. Defendant denies the allegations in paragraph 66 of the Complaint.

67. Defendant denies the allegation in paragraph 67 of the Complaint.

### Collective Action Allegations

68. In response to paragraph 68 of the Complaint, Defendant admits that Plaintiff purports to bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action under the FLSA.

To the extent paragraph 68 of the Complaint asserts allegations against Defendant, Defendant denies same.

69. In response to paragraph 69 of the Complaint, Defendant admits that Plaintiff purports to bring this action on behalf of herself and alleged similarly situated employees who opt-in to this action. To the extent paragraph 69 of the Complaint asserts allegations against Defendant, Defendant denies same.

70. In response to paragraph 70 of the Complaint, Defendant refers to 29 U.S.C. § 2016(b) for its terms and denies any allegation inconsistent with same. Defendant denies any allegations against it in paragraph 70 of the Complaint.

71. Defendant denies any allegations against it in paragraph 71 of the Complaint.

72. Defendant denies the allegations in paragraph 72 of the Complaint.

73. Defendant denies any allegations against it in paragraph 73 of the Complaint.

74. In response to paragraph 74 of the Complaint, Defendant admits that it has employees in at least Georgia, Tennessee, Florida, Kentucky, and Pennsylvania. Defendant denies any remaining allegations against it in paragraph 74 of the Complaint.

**Class Action Allegations Pursuant to Federal Rule of Civil Procedure 23 related to Defendant's Alleged Violation of Tennessee Common Law**

75. In response to paragraph 75 of the Complaint, Defendant admits that Plaintiff purports to bring this action under Tennessee common law on behalf of herself and other alleged similarly situated current and former employees of Defendant. To the extent paragraph 75 contains any allegations against Defendant, Defendant denies same.

76. In response to paragraph 76 of the Complaint, Defendant admits that Plaintiff purports to bring this action as a class action under Tennessee common law on behalf of a defined

group of alleged similarly situated current and former employees of Defendant.  To the extent paragraph 76 contains any allegations against Defendant, Defendant denies same.

77. In response to paragraph 77 of the Complaint, Defendant admits that Plaintiff purports to be a member of the class she seeks to represent.  To the extent paragraph contains any allegations against Defendant, Defendant denies same.

78. Defendant denies the allegations in paragraph 78 of the Complaint.

79. In response to paragraph 79 of the Complaint, Defendant refers to Tennessee common law for its terms and denies any allegations inconsistent with same.  To the extent paragraph 79 of the Complaint contains any allegations against Defendant, Defendant denies same.

80. In response to paragraph 80 of the Complaint, Defendant admits that it has established general work hours, provides an unpaid lunch break, and that all employees are to be paid in accordance with any agreement or applicable law governing same.  Defendant denies any remaining allegations against it in paragraph 80 of the Complaint.

81. Defendant denies the allegations in paragraph 81 of the Complaint.

82. Defendant denies the allegations in paragraph 82 of the Complaint.

83. Defendant denies any allegations against it in paragraph 83 of the Complaint.

84. Defendant denies any allegations against it in paragraph 84 of the Complaint.

85. Defendant denies the allegations in paragraph 85 of the Complaint.

86. Defendant denies the allegations in paragraph 86 of the Complaint.

87. Defendant denies any allegations against it in paragraph 87 of the Complaint.

88. Defendant denies the allegations in paragraph 88 of the Complaint.

# COUNT I
## Violation of the FLSA: Failure to Properly Pay Overtime Compensation
### (**On Behalf of Plaintiff Russo and the FLSA Collective**)

89. Defendant incorporates by reference all preceding paragraphs as if fully set forth herein.

90. Defendant admits the allegation in paragraph 90 of the Complaint.

91. Defendant admits the allegation in paragraph 91 of the Complaint.

92. Defendant admits the allegations in paragraph 92 of the Complaint.

93. In response to paragraph 93 of the Complaint, Defendant refers to 29 U.S.C. § 203(e) and its terms and denies any allegations inconsistent with same. Defendant denies any allegations against it in paragraph 93 of the Complaint.

94. In response to paragraph 94 of the Complaint, Defendant admits that Plaintiff was not exempt from the requirements of the FLSA and states that it classifies its employees as exempt or non-exempt on a case-by-case basis. Defendant denies any remaining allegations against it in paragraph 94 of the Complaint.

95. Defendant denies the allegations in paragraph 95 of the Complaint.

96. Defendant denies the allegations in paragraph 96 of the Complaint.

97. Defendant denies the allegations in paragraph 97 of the Complaint.

98. Defendant denies the allegations in paragraph 98 of the Complaint.

99. Defendant denies the allegations in paragraph 99 of the Complaint.

100. To the extent paragraph 100 of the Complaint asserts allegations against Defendant, Defendant denies same.

## COUNT II
### Breach of Contract: Failure to Pay For All Work Performed
### (On Behalf of Plaintiff Russo and Rule 23 Class)

101. Defendant incorporates by reference all preceding paragraphs as if fully set forth herein.

102. Defendant denies the allegations in paragraph 102 of the Complaint.

103. Defendant denies the allegations in paragraph 103 of the Complaint.

## COUNT II
### Breach of Contract: Failure to Pay For All Work Performed
### (On Behalf of Plaintiff Russo and Rule 23 Class)

104. Defendant incorporates by reference all preceding paragraphs as if fully set forth herein.

105. Defendant denies the allegations in paragraph 105 of the Complaint.

106. Defendant denies the allegations in paragraph 106 of the Complaint.

## PRAYER FOR RELIEF

107. Plaintiff's Prayer for Relief contains no factual allegations against Defendant to which a response is required. To the extent a response is required, Defendant denies that Plaintiff and/or any purported class or collective action members are entitled to any relief sought. Defendant denies that it has any liability to Plaintiff and/or any purported class or collective action members. Defendant denies that Plaintiff and/or any purported class or collective action members are entitled to any relief whatsoever. All allegations of the Complaint not expressly admitted herein are denied by Defendant.

## DEFENDANTS' GENERAL AND AFFIRMATIVE DEFENSES

Having responded in full to the allegations against it, Defendant asserts the following general and affirmative defenses to the Complaint. Defendant does not assume the burden of proof of any such defense except as required by applicable law with respect to the particular defense

asserted. Each defense is set forth in the alternative and without waiver of any others. Defendant expressly reserves the right to assert other affirmative and/or additional defenses and/or otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot satisfy the prerequisites for certification of a collective or class action and, therefore, lacks standing and cannot represent the interests of others as to the purported claims.

## THIRD AFFIRMATIVE DEFENSE

Defendant's actions were conducted in good faith and on a reasonable belief that its actions were in compliance with all applicable FLSA requirements. No action or omission, if any, on the part of Defendant was willful, intentional, or reckless, and therefore any award of damages or other relief based on such conduct is barred.

## FOURTH AFFIRMATIVE DEFENSE

At all relevant times, Defendant has fully and/or substantially compensated Plaintiff and other employees as required by the FLSA and thus is not indebted to Plaintiff or others. Any alleged violations and/or damages are *de minimis* and therefore not compensable under the FLSA.

## FIFTH AFFIRMATIVE DEFENSE

Without admitting that Plaintiff is entitled to any sum of relief requested, Defendant is entitled to set-off against any such sum to the extent paid, tendered, waived, compromised, or released prior to the adjudication herein.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of putative class members are or may be barred in whole or in part because he/she did not provide timely notice of any alleged statutory violations at the

time they allegedly occurred, which prevented Defendant from taking any action to remedy such alleged violations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and the putative class members may have failed to mitigate their alleged damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred based upon statutes of limitation, estoppel, the doctrine of avoidable consequences, laches, waiver, unclean hands, accord and satisfaction, and/or payment and release.

## NINTH AFFIRMATIVE DEFENSE

At a maximum, Plaintiff's claims, on behalf of herself and any other alleged similarly situated employees, for recovery under the Fair Labor Standards Act, if any, is limited to the time period of two (2) years preceding the date the action was commenced.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff and alleged similarly situated employees are not entitled to equitable relief insofar as there is an adequate remedy at law.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff and alleged similarly situated employees worked overtime hours without the actual or constructive knowledge of Defendant, or otherwise countenanced, ratified, or approved by the Defendant, such employees are not entitled to compensation for any such hours worked.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the exemptions and exclusions provided for under the FLSA.

## THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims, on behalf of herself and any other alleged similarly situated employees, are barred, in whole or in part, and Plaintiff is not entitled to some or all of the relief sought, because Plaintiff and/or others did not experience damages in the manner or to the extent alleged.

## FOURTEENTH AFFIRMATIVE DEFENSE

A collective action under the FLSA is fundamentally incompatible with a class action addressing comparable claims under state law, and so Plaintiff cannot pursue both a collective action and a class action.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant is entitled to all available defenses and presumptions under the Fair Labor Standards Act and any related administrative regulations or other applicable law.

**WHEREFORE**, having fully answered the Complaint in this matter, Defendant demands:

1. The Complaint be dismissed with prejudice;

2. A trial by jury on all issues so triable;

3. Defendant be awarded its reasonable costs, expenses, and attorneys' fees; and

4. Any and all other further relief as the Court deems just and proper.

*s/ Lauren Paxton Roberts*
Lauren Paxton Roberts (BPR No. 025049)
Rachel Dix Bishop (BPR No. 035586)
Chadwick A. McTighe (admission pro hac vice pending)
STITES & HARBISON PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219
Telephone: (615) 782-2200
Email: lauren.roberts@stites.com; rbishop@stites.com; cmctighe@stites.com
*Counsel for Defendant Moore Ingram Johnson & Steele, LLP*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 26th day of October, 2020, a true and correct copy of the foregoing Answer and Affirmative Defenses to Plaintiff's Complaint was filed electronically with the Clerk's office using the CM/ECF system which will serve such filing on the following counsel of record:

Mark N. Foster
LAW OFFICE OF MARK N. FOSTER, PLLC
P.O. Box 869
Madisonville, KY 42431
*Counsel for Plaintiff*

                                          *s/ Lauren Paxton Roberts*
                                          Lauren Paxton Roberts