IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JULIA RUSSO, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:20-CV-820 |
| v. | ) |
| | ) (Consolidated with 3:21-cv-535) |
| MOORE INGRAM JOHNSON & STEELE, LLP, | ) |
| | ) Jury Demanded |
| Defendant. | ) |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Moore Ingram Johnson & Steele, LLP respectfully moves this Court to dismiss Plaintiff Julia Russo's Amended Complaint in its entirety, with prejudice. Despite containing 11 purported causes of action, the Amended Complaint fails to state any possible claim upon which relief can be granted. Plaintiff fails to state a claim for retaliation, failure to engage in the interactive process, failure to provide a reasonable accommodation, or for termination based on Plaintiff's actual or perceived disability under the Americans with Disabilities Act. Plaintiff fails to state a claim for either retaliation or interference under the Family and Medical Leave Act, as Moore Ingram provided Plaintiff all of the leave available to her (and even allowed her more time off) before she simply never returned to work. There are no allegations to support a plausible claim under the Families First Coronavirus Response Act because Plaintiff's conclusory allegations, like the generically worded doctor's note on which they are based, fail to trigger any benefits under the Act. There is no claim under the Tennessee Disability Act, whether based on Plaintiff's alleged actual or perceived disability, because the Amended Complaint shows that Plaintiff was neither qualified for the position nor actually or perceived as disabled. Finally, there is no claim under the Tennessee Public Protection Act because Plaintiff's allegations show no complaints about illegal

activity, and an exclusive causal link between any such complaints and termination of employment simply does not exist.

In support of this Motion, Moore Ingram relies on its Memorandum of Law, filed contemporaneously herewith.

Respectfully submitted,

*s/ Lauren Paxton Roberts*
Lauren Paxton Roberts (BPR No. 025049)
Rachel Dix Bishop (BPR No. 035586)
Chadwick A. McTighe (*pro hac vice*)
STITES & HARBISON PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219
Telephone: (615) 782-2200
Email: lauren.roberts@stites.com;
rbishop@stites.com;
cmctighe@stites.com
*Counsel for Defendant, Moore Ingram Johnson & Steele, LLP*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 4th day of November, 2021, a true and exact copy of the foregoing was filed electronically with the Clerk's office using the CM/ECF system, which will automatically serve such filing on all counsel of records. A courtesy copy has also been sent via email to the following:

Mark N. Foster
LAW OFFICE OF MARK N. FOSTER, PLLC
P.O. Box 869
Madisonville, KY 42431
Email: Mfoster@MarkNFoster.com
*Counsel for Plaintiff*

*s/ Lauren Paxton Roberts*
Lauren Paxton Roberts